

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2008

# Sylviana v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4126

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sylviana v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1634.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1634

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4126
_____

YANTI SYLVIANA;
DANIAL HANDOKO,

Petitioners,

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A96-259-784)
Immigration Judge: Honorable Miriam K. Mills

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2007

Before: McKEE, CHAGARES and HARDIMAN, <u>Circuit</u> <u>Judges</u>.

_____

(Filed: February 7, 2008)
_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Yanti Sylviana, on behalf of herself and her husband, Danial Handoko, petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA). As explained below, we lack jurisdiction to review Sylviana's claim that extraordinary circumstances excused the late filing of her asylum application. In addition, substantial evidence supports the BIA's denial of withholding of removal and relief under the Convention Against Torture (CAT). Accordingly, we will dismiss the petition for review in part, and deny it in part.

## I.

As we write mainly for the parties, we only briefly recite the facts. Sylviana and Handoko are ethnic Chinese Christians from Indonesia. They claim that they would suffer harm upon return to Indonesia because of their ethnicity and religious beliefs. To support this belief, Sylviana points to the bombing of a Marriott hotel and an attempted bombing of the American Embassy in Indonesia—both since her arrival in the United States. Additionally, Sylviana alleges two incidents of persecution she witnessed while in Indonesia. The first was during the 1998 riots, where Sylviana witnessed some destruction and saw some of the "bad things on television and read about them in the news papers." Appendix (App.) 47-48. The second was in December 2000, when Sylviana claims to have witnessed the bombing of an ethnic Chinese church. Neither she, nor her husband, were injured during these incidents.

## II.

As a preliminary matter, we have consistently explained that this Court lacks jurisdiction to review discretionary and factual asylum determinations presented in petitions for review. See Jarbough v. Attorney General, 483 F.3d 184, 188-90 (3d Cir. 2007); Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006). Sylviana's claim that extraordinary circumstances excused the late filing of her asylum application challenges a finding of fact. Accordingly, we lack jurisdiction and we will dismiss Sylvia's asylum claim.

We do, however, have jurisdiction to review the denial of withholding of removal and relief under the CAT. See Gabuniya v. Attorney General, 463 F.3d 316, 321 n.4 (3d Cir. 2006) (acknowledging jurisdiction over petitioner's withholding and CAT claims despite lacking jurisdiction over his claim that extraordinary circumstances excused the late filing of his asylum application).

III.

The Attorney General must grant withholding of removal if he "decides that the alien's life or freedom would be threatened" in the country of removal "because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). A finding of "past persecution raises a rebuttable presumption 'that the applicant's life or freedom would be threatened in the future. . . .'" Jarbough, 483 F.3d at 191 (citing Gabuniya, 463 F.3d at 321). Alternatively, "[i]f the applicant's fear of future threat to life or freedom is unrelated to the past persecution, the applicant bears the burden of establishing that it is more likely than not that he or she would suffer such harm." 8 C.F.R § 208.16(b)(1)(iii). We review the relevant findings

by the Immigration Judge (IJ) under the substantial evidence standard, <u>Gao v. Ashcroft</u>, 299 F.3d 266, 272 (3d Cir. 2002), and may decline to uphold them "only if the evidence compels a contrary conclusion." <u>Jarbough</u>, 483 F.3d at 191 (<u>quoting</u> <u>Ahmed v. Ashcroft</u>, 341 F.3d 214, 216 (3d Cir. 2003)).

To begin with, Sylviana fails to produce evidence that would compel a finding of past persecution. Sylviana relies on two specific events: riots that occurred while she was in Indonesia in 1998, and the bombing of a Christian church in 2000. As to the first, Sylviana was not a direct witness to the riots, experiencing them mainly through the local media outlets. As to the second, although Sylviana claims to have witnessed the attack, neither she nor her husband were injured, nor did she provide any evidence that she had been traumatized. These isolated incidents, much like those described in <u>Lie v. Ashcroft</u>, 396 F.3d 530, 532-33 (3d Cir. 2005), where the alien-petitioner did suffer actual injury, do not meet the narrowly circumscribed concept of persecution. <u>See also</u> <u>Fatin v. INS</u>, 12 F.3d 1233, 1240 (3d Cir. 1993) ("If persecution were defined . . . expansively, a significant percentage of the world's population would qualify for asylum in this country—and it seems most unlikely that Congress intended such a result.").

The same infirmity befalls Sylviana's claimed fear of future persecution as well. She points only to two events that occurred since she left Indonesia—the bombing of an Indonesian hotel and a thwarted attack on the United States Embassy in Indonesia. As

4

neither instance indicates that Chinese Christians are being targeted, nor do they show that the Indonesian government was responsible for either incident, Sylviana is unable to show that she would be persecuted on account of a protected ground. See 8 C.F.R. § 208.16(b)(2). Accordingly, the denial of Sylviana's application for withholding of removal is supported by substantial evidence.

The insufficiency of these facts also demonstrates Sylviana's inability to carry her burden under the CAT. Under the CAT's implementing regulations "the burden of proof is on the applicant to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." Tarrawally, 338 F.3d 180, 187-88 (3d Cir. 2003) (quoting 8 C.F.R. §208.16 (c)(2)). Moreover, the torture must be inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person action in an official capacity." 8 C.F.R. § 208.18 (a)(1). As explained above, Sylviana presents no evidence that the incidents she alleges were undertaken by, or with the acquiescence of, people in any official capacity. Moreover, the IJ found that the State Department's Country Report on Indonesia indicates that Chinese Christians have not been subject to persecution by the Indonesian government, that there was no pattern or practice of widespread violence in Indonesia, and that any violence toward Chinese Christians in Indonesia is on the decline. Far from "compel[ling] a contrary conclusion," the evidence Sylviana presents clearly fails to meet

the burden required under the CAT.  <u>Jarbough</u>, 483 F.3d at 191 (quoting <u>Ahmed v. Ashcroft</u>, 341 F.3d 214, 216 (3d Cir. 2003)).

IV.

For the forgoing reasons, we will dismiss in part and deny in part the petition for review.